## SEAVEY v. ANSONIA MFG. CO.

(Supreme Court, Appellate Term.   June 30, 1908.)

CONTRACTS—ACTIONS—ISSUES, PROOF, AND VARIANCE.

The variance between a complaint in an action on contract, which alleges that plaintiff for a specified compensation agreed to procure for defendant a contract with a third person, and the proof, that plaintiff used her influence to secure for defendant the contract it sought, is fatal to a recovery.

Appeal from City Court of New York.

Action by Blanche E. Seavey against the Ansonia Manufacturing Company   From a judgment of the City Court of New York in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Harry H. Kohn, for appellant.
Frederick W. Garvan, for respondent.

SEABURY, J. In her complaint the plaintiff alleges that she entered into a contract with the defendant under which she "agreed to procure for the defendant the contract to supply ejectors for the sewage system in course of construction and installation" at Morristown, N. J. The complaint also sets forth the compensation which the defendant agreed to pay for this service, and that, "pursuant to said agreement, plaintiff procured for the defendant" the contract referred to. It also alleges the amount of the contract, and the receipt by the plaintiff of $100, and demands judgment for the balance at the rate set forth in the contract. The jury found a verdict for the plaintiff, and from the judgment entered thereon the defendant appeals to this court.

The only proof which the plaintiff offered in support of her allegation that she "procured for the defendant" the contract referred to was that she used her influence with her employer to this end. Her own testimony was to the effect that "I was to use my influence with the engineers, my employers, Williams, Proctor & Potts." The contract which the plaintiff proved was altogether different from that which she alleged. While she offered evidence to show that she did use her influence to secure for the defendant the contract it sought, there was no evidence that she procured this contract for the defendant. The failure of the proof to correspond with the allegations of the complaint is fatal to this judgment.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

MacLEAN, J. (concurring). Pleading an agreement to procure for defendant the contract to supply ejectors for the sewage system in course of construction and installation at the city of Morristown, in the county of Morris, in the state of New Jersey, and compensation paid and to be paid therefor, the plaintiff testified that a representative of defendant had said to her:

"If you will use your influence in getting that contract for us, we will install your plumbing work [plumbing which plaintiff wanted installed in her apartment] free of charge and reward you handsomely."

She further testified that she was to use her influence with the engineers, her employers, Williams, Proctor & Potts; that upon her recommendation her employers accepted the Ansonia ejector; and that, since they accepted it, the contractor was bound to put it in that Morristown job. It appears that defendant secured the contract as lowest bidder, bidding in response to an advertisement for bids by the board of sewage of said town, and his offer being accepted by one Corsa, the contractor. Assuming the evidence sufficient to find that she procured the contract, or, in other and equivalent phrase, that she brought it about by care and pains, or effected it, the motion to dismiss at the close of her case, as well as at the close of the whole

case, should have been granted, as the plaintiff had testified herself outside the pale of legal assistance, "Dole male sit prætor pactum se non servaturum." 2 D., xiv, 7, § 9. Personal influence in the procurement of such contracts is not a vendible article, and the law looks not beyond the position of selfish temptation.

The judgment should therefore be reversed, and the cause dismissed.